UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                                  :

MIGUEL VALDERAS,                                :          05 Civ. 4980 (SHS)

                        Petitioner,          :

          -against-                      :          <u>ORDER</u>

DALE ARTUS, Superintendent, Clinton    :
Correctional Facility,                      :

                     Respondent.    :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

In a Report and Recommendation dated May 31, 2007, Magistrate Judge Theodore H. Katz recommended the denial of Miguel Valderas's petition for a writ of habeas corpus and the dismissal with prejudice of this action. The deadline for filing objections to Judge Katz's Report and Recommendation was June 18, 2007. To date, however, no objections have been filed.

After a de novo review, this Court adopts Judge Katz's Report and Recommendation, modified as follows:

       1.     *Petitioner's Sufficiency of the Evidence Claim Is Not Procedurally Barred, but Is Denied on the Merits.*

With respect to petitioner's claim that his conviction is "against the weight of the evidence," this Court determines that petitioner's claim is not procedurally barred. In order to "exhaust a federal claim, a petitioner must fairly present to the state courts the substance of that claim" which "means, in essence, that in state court the nature or presentation of the claim must

have been likely to alert the court to the claim's federal nature." Cox v. Miller, 296 F.3d 89, 99 (2d Cir. 2002) (internal quotation marks and brackets omitted).  The U.S. Court of Appeals for the Second Circuit has explained that a "petitioner may 'fairly present' a constitutional claim, even without citing chapter and verse of the Constitution" and enumerated "at least four ways" that this can be done:

> (a) reliance on pertinent federal cases employing constitutional analysis,
> (b) reliance on state cases employing constitutional analysis in like fact situations,
> (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and
> (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Id. (internal quotation marks omitted).

Here, Valderas "fairly presented" his federal claim to the New York Supreme Court Appellate Division, First Department by indeed "citing chapter and verse of the Constitution." In Valderas's appellate brief, "Point I" cites the Fourteenth Amendment to the U.S. Constitution in support of his "weight of the evidence" claim.  While the legal argument in support of "Point I" does not cite any federal cases – in fact, only one state court case is cited in this section of his brief – and the phrase "sufficiency of the evidence" is never used, the combination of the reference to the Fourteenth Amendment and the "related[ness]" of these claims, see People v. Bleakley, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672 (1987) (describing sufficiency of the evidence and weight of the evidence claims as "related"), is adequate to have alerted the state appellate court to the "claim's federal nature." Cox, 296 F.3d at 99.

Indeed, courts in this district have construed a weight of the evidence claim as a sufficiency of the evidence claim – and reached the merits of that claim – even though the habeas

petitioner raised only a weight of the evidence claim on direct appeal in state court.  See, e.g., Wilson v. Senkowski, No. 02 Civ. 0231, 2003 U.S. Dist. LEXIS 7583 (S.D.N.Y May 7, 2003); Gutierrez v. Ricks, No. 02 Civ. 3780, 2002 U.S. Dist. LEXIS 19855 (S.D.N.Y. Oct. 21, 2002); Davis v. McLaughlin, 122 F. Supp. 2d 437, 441 (S.D.N.Y. 2000); Ventura v. Artuz, No. 99 Civ. 12025, 2000 U.S. Dist. LEXIS 10167 (S.D.N.Y. July 19, 2000).  But see Walton v. Ricks, No. 01 Civ. 5265, 2002 U.S. Dist. LEXIS 25599 (S.D.N.Y. Mar. 19, 2002) (denying a sufficiency of the evidence claim as procedurally barred because only a weight of the evidence claim was raised on direct appeal).  Accordingly, this Court construes petitioner's weight of the evidence claim as a sufficiency of the evidence claim and finds that this claim is not procedurally barred.

Turning to the merits of petitioner's sufficiency of the evidence claim, the Court adopts Judge Katz's analysis of this issue.  In light of the evidence presented at trial – which included the testimony of seven eyewitnesses, forensic evidence, and two inculpatory statements – Judge Katz concluded that Valderas had failed to meet the "heavy burden" imposed on habeas petitioners seeking to overturn their convictions on the grounds of insufficient evidence.  (Report and Recommendation dated May 31, 2007 at 25.)  The Court agrees with this conclusion and adopts it as the sole basis for denying Valderas's sufficiency of the evidence claim.

> 2. *The State Appellate Court's Denial of Petitioner's Prosecutorial Misconduct Claim Was Not Contrary to or an Unreasonable Application of Federal Law or Based on an Unreasonable Determination of the Facts.*

The Court adopts Judge Katz's recommendation that petitioner's prosecutorial misconduct claim be denied insofar as the Report and Recommendation finds that the New York Supreme Court Appellate Division, First Department's rejection of that claim did not violate the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA").  Pursuant to AEDPA, when a habeas petition presses a claim that "was adjudicated on the merits in State court proceedings," a federal court may grant the petition only if the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254.  The Court observes that in recommending a denial of this claim, Judge Katz appears to have applied a de novo standard of review.  In so doing, however, he also demonstrated that that the state appellate court's denial of the claim did not run athwart of the standard of review established by AEDPA.  For that reason, the Court adopts Judge Katz's recommendation that petitioner's prosecutorial misconduct claim be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Magistrate Judge Katz's Report and Recommendation is adopted, as modified above;

2. Petitioner's motion pursuant to 28 U.S.C. § 2254 is denied and the petition is dismissed on the grounds set forth in the Report and Recommendation, as modified above;

3. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253 (as amended by the AEDPA); Middleton v. Attorneys Gen. of New York and Pennsylvania, 396 F.3d 207 (2d Cir. 2005) (per curiam); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000); Soto v. United States, 185 F.3d 48, 51-53 (2d Cir. 1997); United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997), cert. denied, 525 U.S. 953 (1998); and

    4.      Pursuant to 28 U.S.C. § 1915(a) the Court certifies that any appeal from this Order would not be taken in good faith.

Dated: New York, New York
       August 28, 2007

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.